**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

CMG WORLDWIDE, INC., an Indiana )
Corporation and MARILYN MONROE, )
LLC, a Delaware Limited Liability Company, )
)
           Plaintiffs, )  **1:05-cv-0442-LJM-WTL**
)
v. )  Cause No.:_____
)
)
TOM KELLEY STUDIOS, INC., )
a California Corporation, )
)
           Defendant. )

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC, by counsel, and for their Complaint for Damages and Injunctive Relief allege as follows:

1.    Plaintiff CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana.

2.    Plaintiff Marilyn Monroe LLC is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business in Indiana through CMG, its exclusive licensing and business representative.

3.    Over the last twenty-five years, CMG has been in the business of representing certain famous individuals or the heirs, families, estates or business enterprises of deceased famous individuals ("CMG Clients") for the purpose of licensing to third parties the limited permission to commercially utilize the Intellectual Property rights belonging to said famous individuals or his or her heirs, families, estate, or business enterprise. These Intellectual Property rights, both common law and statutory, typically include, but are not limited to, the name, image,

likeness, voice, persona, and other identifying elements of a famous individual, commonly known as the Right of Publicity, as well as all common law and Federally registered trademarks and other Intellectual Property interests which may be associated with the persona of a famous personality.

4. CMG has secured the right to manage and exploit the Intellectual Property interests of many of the properties and personalities considered to be among the most prestigious and valuable in the celebrity licensing industry, including, but not limited to, Marilyn Monroe, James Dean, Sophia Loren, Babe Ruth, Jackie Robinson, Buddy Holly, Ella Fitzgerald, Chuck Berry, and many others. As part of its enumerated duties on behalf of its clients, CMG advertises, markets, and promotes the availability of its clients for licensing on a worldwide basis.

5. CMG typically requires, as a material component to providing these services for its clients, that its clients grant CMG the exclusive, worldwide right to protect and promote a given client for purposes of licensing, commercial campaigns, and other opportunities. Because of this prerequisite, there can be no entity other than CMG with the authority to represent in a licensing context the Intellectual Property rights of a CMG client.

6. Through CMG's efforts to manage and exploit the intellectual property rights of its clients, CMG generates income for its clients and operating revenue for itself. CMG has various methods for promoting and pursuing commercial opportunities on behalf of its clients, which have been developed, honed, stylized, and refined by experience and success in the industry. As such, CMG, as well its clients, have developed considerable goodwill within the industry with companies such as leading advertising agencies and manufacturers throughout the world with whom CMG conducts regular and ongoing business.

2

7. Marilyn Monroe, LLC, is the proprietor of various Intellectual Property rights, including certain trademarks, the rights of association and sponsorship and Right of Publicity and Privacy in and to the Marilyn Monroe name, image, and persona (hereinafter "Monroe Intellectual Property Rights"). Marilyn Monroe, LLC, and CMG have systematically and continuously invested considerable time, energy, and financial resources over the span of many years in developing critical and lucrative business relationships with licensees through the strategic management of the Monroe Intellectual Property Rights.

8. Upon information and belief, Defendant Tom Kelley Studios, Inc. ("Kelley Studios") is a business entity organized and existing pursuant to the laws of the State of California and maintains its principal place of business in Ventura, California.

9. Upon information and belief, Kelley Studios has within its possession certain original photographs of Marilyn Monroe taken by Tom Kelley Sr. (hereinafter "Monroe/Kelley photographs").

10. Kelley Studios is in the business of offering, marketing, and advertising to the public, on a worldwide basis, products and services featuring the Monroe Intellectual Property Rights.

11. Even if a copyright interest in the Monroe/Kelley photographs can be established as valid and enforceable, such an interest does not confer an unfettered right to use an aspect of a person's personality rights of publicity in connection with a product, merchandise, goods, services, commercial activity, advertisement, and/or solicitation. I.C. § 32-36-1-1 *et seq*.

12. Kelley Studios has engaged, and continues to engage, in unlawful and unauthorized use of the Monroe Intellectual Property Rights.

3

13. Kelley Studios owns and operates an interactive website through which it communicates the false impression to the public that it has the full authority to license the use of the Monroe Intellectual Property Rights for commercial purposes. The website also improperly bears the trademark signature of "Marilyn Monroe", a registered trademark of Marilyn Monroe, LLC (Registration No. 1889730). In addition, Kelley Studios' website contains intentionally misleading and false demonstrations which directly undermine CMG's business and business methodology.

14. Kelley Studios has also engaged in specific communications with existing business partners of Plaintiffs, advising those entities that Plaintiffs do not have enforceable interests in the Monroe Intellectual Property Rights. These actions have caused confusion in the marketplace concerning Plaintiffs' legitimate rights. In so doing, Kelley Studios is not just attempting to capitalize on its alleged copyrights but also to trade illegally and without authority on the Marilyn Monroe brand and on the Monroe Intellectual Property Rights.

15. Kelley Studios has been seeking out and securing various commercial arrangements concerning the Monroe Intellectual Property Rights on a systematic and extensive basis which directly implicates and undermines the rights of publicity owned and administered by Plaintiffs.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction because this suit involves a federal question. 28 U.S.C. § 1331; 28 U.S.C. § 1338. In addition, the parties are completely diverse and the amount in controversy exceeds $75,000.00.

17. This Court has personal jurisdiction based on Kelley Studio's systematic contacts with Indiana and through the various damages caused to Plaintiffs in Indiana as a result of Kelley

4

Studios' conduct. Kelley Studios has conducted business in Indiana through Internet website catalogue offerings and through the availability of their products in the State of Indiana. Kelley Studios' website is fully interactive and accessible to residents from Indiana. In conducting this business in Indiana, Kelley Studio has caused injury by an act and series of acts performed in Indiana. In addition, Kelley Studios has caused injury in Indiana resulting from acts done outside of Indiana through Kelley Studios' conducting and soliciting business in Indiana and by deriving substantial benefit from goods, services, and information rendered in Indiana, including transporting or causing to be transported into Indiana goods, merchandise, or other materials created or used in violation of Plaintiffs' interest in the Monroe Intellectual Property Rights. I.C. § 32-36-1-9. Finally, Kelley Studios has caused advertising or promotional material created or used in violation of Plaintiffs' interest in the Monroe Intellectual Property Rights to be published, distributed, exhibited, or disseminated within Indiana. *Id.*

18.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b).

## COUNT I

## VIOLATION OF RIGHTS OF PUBLICITY

19.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through eighteen (18) as if fully re-stated herein.

20.     Kelley Studios is using and has used the Monroe Intellectual Property Rights without authorization or prior consent from Plaintiffs for a commercial purpose, in that Kelley Studios is using and has used the Monroe Intellectual Property Rights on or in connection with a product, merchandise, goods, services, or commercial activities and is using or has used the Monroe Intellectual Property Rights for advertising or soliciting purchases of products,

5

merchandise, goods, services, or for promoting a commercial activities. Kelley Studios' conduct has been intentional.

21.　As a result of its unauthorized use of the Monroe Intellectual Property Rights for a commercial purpose, Kelley Studios has violated and is violating the Plaintiffs' rights to and interest in the Monroe Intellectual Property Rights protected by the Indiana Right of Publicity statute, I.C. § 32-36-1-1 *et seq.*, and other applicable right of publicity laws.

22.　As a result of Kelley Studios' past and continued violations of Plaintiffs' rights to and interest in the Monroe Intellectual Property Rights, Plaintiffs have suffered damages, including actual damages (including profits which Kelley Studios has derived from the unauthorized use), treble or punitive damages, attorneys' fees, and costs of suit. Moreover, Plaintiffs are entitled to a turnover of all infringing goods and merchandise currently possessed by Kelley Studios.

**COUNT II**

**VIOLATIONS OF THE LANHAM ACT**

23.　Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through twenty-two (22) as if fully re-stated herein.

24.　Kelley Studios' unauthorized use of the Monroe Intellectual Property Rights in association with the its various products, including but not limited to, items of merchandise, is likely to cause confusion or mistake or to deceive in violation of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1114(1).

25.　Kelley Studios' unauthorized use of the Monroe Intellectual Property Rights in association with its products and promotional materials has permitted Kelley Studios' to benefit at the expense of Plaintiffs.

6

26.     Kelley Studios' violation of the Lanham Act has caused Plaintiffs to suffer damages not yet ascertainable but which continue to accrue and accumulate, in an amount to be proven at trial.

## COUNT III

### UNFAIR COMPETITION

27.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through twenty-six (26) as if fully re-stated herein.

28.     Kelley Studios' unlawful and unauthorized acts, as set forth above, constitute a violation of Plaintiffs' interest in and rights to the Monroe Intellectual Property Rights, at common law, and further constitute unfair competition.

29.     As a result of Kelley Studios' unfair competition, Plaintiffs have suffered damages.

30.     Plaintiffs seek such damages, attorneys' fees, costs, treble and/or punitive damages for same as permitted by statute or otherwise at law.

## COUNT IV

### TRADE LIBEL/DISPARAGEMENT

31.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully re-stated herein.

32.     CMG is established as the premier company for representing celebrities and for marketing and licensing intellectual property rights for clients throughout the United States and worldwide.

33.     CMG has generated substantial goodwill with its clients, with advertisers, and within the industry.

34.     By representing, promoting, and informing CMG's licensees and potential licensees that Plaintiffs have no rights in the Monroe Intellectual Property Rights before marketing, promoting, and selling goods and services which infringe upon the Monroe Intellectual Property Rights, Kelley Studio has libeled, slandered, and otherwise disparaged and defamed Plaintiffs for its own commercial advantage and have caused them to lose reputation, goodwill, and standing in the marketplace.  Further, such statements have been defamatory, *per se*, and made with malice.

35.     Kelley Studios' unlawful acts complained of herein constitute violations of the Indiana Crime Victims Act.  I.C.  § 34-24-3-1.

## COUNT V

## VIOLATIONS OF THE INDIANA CRIME VICTIMS ACT

36.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through thirty-five (35) as if fully re-stated herein.

37.     Kelley Studios' unlawful acts complained of herein constitute violations of the Indiana Crime Victims Act. I.C. § 34-24-3-1.

38.     Kelley Studio has violated I.C. § 35-43 in the following particulars:

a.      For "Criminal Mischief" as expressed in I.C. § 35-43-1-2;

b.      For "Conversion" as expressed in I.C. § 35-43-4-3;

c.      For "Deception" as expressed in I.C. 1 35-43-5-3(a)(6) and (9).

39.     Plaintiffs seek such damages, attorneys' fees, costs, treble and/or punitive damages for same as permitted by statute or otherwise at law.

## COUNT VI

### INTERFERENCE WITH BUSINESS ADVANTAGE AND POTENTIAL BUSINESS ADVANTAGE

40.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs (1) through thirty-nine (39) as if fully re-stated herein.

41.     Plaintiffs enjoy an existing business relationship with various licensees.

42.     Kelley Studios is aware and otherwise has knowledge of Plaintiffs' business relationship with these and Plaintiffs' other licensees.

43.     By representing, promoting, and informing CMG's licensees and potential licensees that Plaintiffs have no rights in the Monroe Intellectual Property Rights before marketing, promoting, and selling goods and services that infringe upon the Monroe Intellectual Property Rights, Kelley Studios has intentionally and illegally interfered with Plaintiffs' business relationships with their licensees.

44.     Kelley Studios' actions in interfering with Plaintiffs' business relationships are without justification.

45.     As a result of Kelley Studios' unjustified and illegal interference with Plaintiffs' business relationships with their licensees, Plaintiffs have suffered damages.

## COUNT VII

### DECLARATION AS TO KELLEY STUDIOS' COPYRIGHTS IN ONE OR MORE OF THE MONROE/KELLEY PHOTOGRAPHS

46.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs (1) through forty-five (45) as if fully re-stated herein.

47.     Kelley Studios has asserted that it possesses valid and enforceable copyrights, pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*, in each and every photograph that constitutes the Monroe/Kelley photographs.

48.     Upon information and belief, Kelley Studios does not possess a valid and enforceable copyright in one or more photographs that comprises the Monroe/Kelley photographs.

49.     Without possessing a valid and enforceable copyright in one or more photographs which comprise Monroe/Kelley photographs, Kelley Studios possesses no interest and/or right in any photograph in the Monroe/Kelley photographs that is otherwise unprotected by copyright, those photographs become part of the public domain, and Kelley Studios and all other persons would need the prior permission and consent from Plaintiffs to use those photographs for a commercial purpose.

## JURY DEMAND

50.     Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief in the following particulars:

A.     An award of damages, including treble, statutory and punitive damages against Defendant, costs and attorneys' fees, including pre- and post-Judgment interest, as permitted under the applicable laws and authorities;

B.     A permanent injunction enjoining and restraining Defendant from conducting further commercial endeavors directly or indirectly utilizing the name, image, likeness, of Marilyn Monroe or any other of the Monroe Intellectual Property Rights, without consent from Plaintiffs;

10

C.     A permanent injunction enjoining and restraining Defendant from engaging in any conduct or communication that is inconsistent with Plaintiff's rights in the Monroe Intellectual Property Rights, or otherwise operates to libel, slander, defame or disparage Plaintiffs or the Monroe Intellectual Property Rights;

D.     Enter a Declaratory Judgment, pursuant to 28 U.S.C. § 2201, and to declare therein:

1.     That CMG Worldwide, Inc. possesses the exclusive right to license the Monroe Intellectual Property Rights;

2.     That Defendant does not possess valid and enforceable copyrights in each and every photograph which comprises the Monroe/Kelley photographs;

3.     That Defendant does not possess valid and enforceable copyrights in one or more photographs in the Monroe/Kelley photographs;

4.     That Defendant can not sell, market, promote, and/or advertise the Monroe/Kelley photographs in connection with any product, merchandise, goods, services, commercial activity, advertisement, and/or solicitation, without Plaintiffs' permission and consent;

5.     That Defendant is and shall be permanently enjoined and restrained from conducting further activities inconsistent with Plaintiffs' declared interests and rights in the Monroe Intellectual Property Rights; and

6.     That Defendant is and shall be  permanently enjoined and restrained from engaging in any activities which interfere with

11

Plaintiffs' business activities with respect to their legal and proprietary interests and rights in the Monroe Intellectual Property Rights; and

E.      Such other relief as may be just and proper in the premises.

Respectfully submitted,

DANN PECAR NEWMAN & KLEIMAN, P.C.

By:_____

Jonathan G. Polak, No. 21954-49
James B. Chapman II, No. 25214-32
One American Square, Suite 2300
Box 82008
Indianapolis, IN 46282
(317) 632-3232 – Telephone
(317) 632-2962 – Facsimile